**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MINH QUANG LE,<br><br>Plaintiff,<br>v.<br>JO ANNE BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | CASE NO. 05-CV-1322 W (AJB)<br><br>**ORDER DENYING ATTORNEYS' FEES** |

On June 29, 2005, Plaintiff filed a complaint seeking review of an administrative decision denying Supplemental Security Income benefits. On April 14, 2006, the Hon. Anthony J. Battaglia issued a Report and Recommendation ("Report") suggesting that the Court remand to the Social Security Administration (SSA) for a determination of benefits. After considering Defendant's objection, however, the Court declined to rule on the ultimate issue of disability and remanded to the SSA for further proceedings. On September 15, 2006, Plaintiff filed a motion for attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Defendant opposes. The Court **DENIES** the motion.

I.  **BACKGROUND**

On September 12, 1994, Plaintiff alleged that tuberculosis, major depression, and anxiety disorder rendered him disabled. On October 27, 1997, after an evidentiary hearing, Administrative Law Judge (ALJ) Albert Tom determined that Plaintiff was not eligible for benefits principally because his allegations of disabling limitations were not credible and because could perform numerous jobs in the local and national economy. (Admin. R. at 235–36.) He considered opinions from Drs. Tuan Nguyen, Can Bui, Dao Phan, Don Miller, Stephen Greenleaf, and Ajit Raisinghani, all treating or examining physicians. Dr. Ansar Haroun also reviewed Plaintiff's medical file before the hearing.

As relevant here, Dr. Miller concluded that the Plaintiff was totally disabled based on his diagnosis of post-traumatic stress disorder and other findings indicating thought disorder and borderline mental retardation. (Admin. R. at 231.) Nevertheless, the ALJ stated that "substantial evidence contradict[ed] Dr. Miller's conclusion." (Id.) ALJ Tom provided numerous reasons for discounting the opinion. First, Dr. Miller was not a treating physician. Second, he based his opinion on physical impairments, yet he "did not evaluate the [Plaintiff's] physical ailments and is not a medical doctor." (Id.) Third, his conclusion on the ultimate issue of disability was not entitled to great weight because it is reserved to the Commissioner, and was contradicted elsewhere in the medical record. Fourth, he relied too heavily on Plaintiff's "subjective complaints, rather than his own objective findings." (Id.) And fifth, some of his assessments were self-contradictory and inconsistent with his own observations and findings. (Id. at 232.)

Instead, the ALJ credited the opinion of Dr. Greenleaf, an examining physician. (Admin. R. at 232.) Dr. Greenleaf diagnosed Plaintiff with a depressive disorder without psychotic features. (Id. at 230.) Based on his examination, Dr. Greenleaf opined that Plaintiff "is able to understand, carry out, and remember complex instructions, to function in an environment with little peer and public contact, to tolerate reasonable and constructive criticism, to get to work promptly and regularly, and to tolerate a low stress job." (Id. at 231.)

In 2002, Plaintiff joined a class action alleging that ALJ Tom was biased. The terms of the settlement permitted Plaintiff to appeal ALJ Tom's adverse disability determination. After exhausting all SSA appeals, Plaintiff filed a complaint in this Court seeking review of the original denial. The parties filed cross–motions for summary judgment, which the Court referred to the Hon. Anthony J. Battaglia for a Report and Recommendation. Judge Battaglia's Report suggested Plaintiff should receive disability benefits. Defendant objected to the Report.

On June 8, 2006, having reviewed the Report and considered Defendant's objections, this Court rejected the Report in part, and remanded to the SSA for a disability determination in light of the Court's opinion. The Court's order constituted a "sentence-four" remand under 42 U.S.C. § 405(g). Finally, on September 15, 2006, Plaintiff timely filed this motion for attorneys' fees.

## II. LEGAL STANDARDS

Under the Equal Access to Justice Act (EAJA), district courts may award attorneys' fees to a party who prevails in an action against the government when the government's position is not substantially justified. 28 U.S.C. § 2412. A party "prevails" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111–12 (1992).

Because the EAJA applies to Social Security appeals, see Yang v. Shalala, 22 F.3d 213, 217 (9th Cir. 1994), the Commissioner bears the burden to show that her position was "substantially justified," i.e., "justified in substance or in the main," or "justified to a degree that could satisfy a reasonable person," Pierce v. Underwood, 487 U.S. 552, 565 (1988).

In a social security case, the Commissioner's position may be reasonable even if the court finds that substantial evidence did not support it, and even if the claimant is subsequently found disabled. Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995); see

also Lewis v. Barnhart, 281 F.3d 1081, 1086 (9th Cir. 2002) (explaining that attorneys' fees under Flores do not depend on the ultimate disability determination). Thus, if the district court issues a "sentence-four" remand, it must analyze the government's position on the remanded issue. Flores, 49 F.3d at 569; see also Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998). In other words, the court must turn to the "nub of the remand proceedings," Lewis, 281 F.3d at 1086, to determine whether the government was substantially justified in supporting that aspect of the administrative decision, id. "The fact that one court or another agreed or disagreed with the Government does not establish whether its position was substantially justified." Pierce, 487 U.S. at 569.

### III. DISCUSSION

The Commissioner bears the burden to show that its position was substantially justified. Under Flores, the Court must focus on the Commissioner's position on the issue leading to the remand. The Court's Order Adopting in Part and Rejecting in Part Report and Recommendation ("Order") discussed two issues: legal error in classifying Dr. Miller (Order at 7–10), and legal error in evaluating Dr. Miller's opinion (id. at 10–15). On remand, the SSA was "instructed to weigh Dr. Miller's conclusions in conjunction with the findings of other medical professionals, and medical findings." (Id. at 15.) Thus, the Court must determine whether the Commissioner justifiably argued that the ALJ committed no legal error in classifying Dr. Miller and evaluating Dr. Miller's opinion. The Court holds that she was "substantially justified," and thus denies the motion for attorneys' fees.

#### A. The Legal Standard Created Doubt Regarding Dr. Miller's Status.

Although the Court concluded that the ALJ improperly classified Dr. Miller, the Commissioner's position was nonetheless reasonable because the Commissioner offered plausible arguments under the proper legal standard. Plaintiff argues that the Commissioner's position was unreasonable simply because the Court determined that substantial evidence did not support it. (Pl. Mem. P. & A. at 6.) But the Court must

Case 3:05-cv-01322-W-AJB   Document 30   Filed 11/03/06   PageID.803   Page 5 of 7

independently assess the reasonableness of the Commissioner's arguments and rationale. See Pierce, 487 U.S. at 569. The Court concludes that these arguments, though they did not prevail, establish a "substantially justified" litigation position.

First, a broad legal standard designed to characterize the all types of doctor-patient relationships governed Dr. Miller's status. SSA regulations define "treating source" as follows:

> Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source *with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)*.

20 C.F.R. § 404.1502 (emphasis added). Ninth Circuit law describes the standard as a "continuum reflecting the duration of the treatment relationship and the frequency and nature of contact." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1038 (9th Cir. 2003).

Following this legal standard, the Commissioner reasonably argued that five two-hour sessions over the course of three years did not comport with accepted medical practice for Plaintiff's medical condition—whether for treatment or evaluation alone. The Commissioner attempted to apply the legal standard to the case by relying on the expert testimony of Dr. Haroun. (Def.'s Mem. in Supp. Summ. J. at 7.) In his opinion, Dr. Miller "provided no *treatment*," implying that accepted medical practice would require more frequent contact, or contact of a different nature or duration. (Id.) Further, the Commissioner noted Dr. Miller's failure to produce progress notes, suggesting several isolated office visits rather than an ongoing evaluation. (Id.)

In essence, the Court held that Dr. Miller was a *treating source* even though he never *treated* Plaintiff. Given the nonspecific legal standard and significant facts supporting the Commissioner's position, however, the Court cannot conclude that the

-5-                                                                                                   06cv1322

1  Commissioner's argument could not satisfy a reasonable person. While the Court did
2  not ultimately agree with the Commissioner, it finds the Commissioner's position on this
3  issue plausible and well-grounded in law and fact.

### B. The ALJ Arguably Committed Harmless Error.

The Commissioner was also substantially justified in arguing that the ALJ properly discounted Dr. Miller's opinion. In the Ninth Circuit, "[i]t is not necessary, or even practical, to draw a bright line distinguishing a treating physician from a non-treating physician." Benton, 331 F.3d at 1038. Again, then, the Commissioner argued that even if the ALJ deemed Dr. Miller a non-treating physician, a flexible legal standard permitted him to discount the opinion significantly—almost as though it were a non-treating physician's. Taking into account the limited nature and duration of Dr. Miller's contact with Plaintiff, the Commissioner argued that the ALJ's classification error was essentially harmless.

Further, to discount a treating physician's controverted findings, an ALJ only needs to set forth "specific and legitimate reasons based on substantial evidence in the record." Benton, 331 F.3d at 1036. And the ALJ purported to provide "substantial evidence" contradicting Dr. Miller's conclusion that Plaintiff was disabled (Admin. R. at 231), even though he concluded that Dr. Miller did not treat Plaintiff. Thus, the ALJ's opinion may have included an implicit alternative rationale: that even if Dr. Miller treated Plaintiff, specific and legitimate reasons based on substantial evidence allowed him to reject the opinion. So, unless the ALJ's rationale was nonspecific or illegitimate on its face, the Commissioner would be justified in arguing that his legal error was harmless.

In its summary-judgment memorandum, the Commissioner elaborated on four of the ALJ's reasons for rejecting Dr. Miller's opinion: (1) Dr. Miller failed to document specific functional limitations; (2) he opined beyond his area of expertise; (3) some of his findings contradicted others, or were inconsistent with his conclusions; and (4) his opinion often relied on subjective complaints rather than objective clinical findings.

1  (Def.'s Mem. Supp. Summ. J. at 7–11.)  The Commissioner provided ample legal
2  citation showing that these defects would diminish the credibility of even a treating
3  physician's opinion.  (Id.)  Moreover, the opinion of Dr. Greenleaf, though he was
4  merely an examining physician, undermined and in some aspects directly contradicted
5  Dr. Miller.  (Id.)  In that respect, the Court agreed with the Commissioner that the
6  medical record was contradictory.  Thus, it permitted the ALJ to discredit Dr. Miller's
7  opinion on remand, provided the ALJ included a sufficient explanation.  Therefore, the
8  Court cannot characterize this position as unreasonable or not substantially justified.

9  Having reviewed its prior decision as a whole, the Court concludes that it
10  confronted a "close case."  Obviously, the Court did not agree with the Commissioner
11  on either remanded issue.  But the EAJA does not permit an award of attorneys' fees
12  every time the government loses a close case.  On the contrary, the Court should
13  exercise discretion in favor of the government in a close case because, by definition, the
14  Court had to choose between two well-reasoned positions.  Otherwise, the Court would
15  effectively nullify the phrase "substantially justified" in the EAJA.

17  **IV.  CONCLUSION**
18  For the foregoing reasons, the Court **DENIES** Plaintiff's motion for attorneys'
19  fees.

21  DATED:  November 3, 2006

_____
Hon. Thomas J. Whelan
United States District Judge